The plaintiff claimed the slaves in question under the following instrument, which he contended was a deed of gift:
"STATE OF NORTH CAROLINA — Tyrrell County.
"Know all men by these presents, that I, Patsey Liverman, and Sarah Liverman, of the aforesaid county, do, for the good will and divers of good causes which we have not mentioned, have given and bequeathed unto Edmund Clayton the following articles, viz.: first, we give (380) and bequeath fifty acres of land, which we purchased of Uriah Spruill; also one negro woman named Phillis, one girl, Ginney, and one boy by the name of Robert, to have and to hold the aforesaid *Page 303 
property at our death, free and clear from any enthrallment whatsoever. In testimony whereof we have hereunto set our hands and seals this 28 July, 1828.
 her PATSEY X LIVERMAN. (Seal) mark
 her SARAH X LIVERMAN. (Seal) mark
 "Signed, sealed, and delivered in the presence of us. NANCY McCLEES. CHARLES McCLEES."
One of the subscribing witnesses was called and testified that he wrote the instrument at the request of the makers, and read it over to them; that they signed it and then handed it back to him to witness; that he did witness it, and then either handed it back to them or laid it on the table, he did not recollect which; and that the plaintiff was present at the time. The plaintiff, at that time, lived with the makers, who were his aunts, and was their manager and agent, which he continued to be until their deaths. He then took possession of all their property and effects. The paper in question was not proved and registered until after the death of the makers, which was more than eight years after the date of the instrument.
For the defendant it was insisted that the paper was testamentary and did not operate as a deed; and that there had been no delivery. His Honor charged the jury that they must be satisfied of the fact that the makers of the paper had delivered it. That the delivery might be either actual at the time of the making or by the plaintiff's taking possession of it, as a deed, at the time of the making, or at any subsequent time, if done with the knowledge and consent of the makers. That if the paper, after being witnessed, had been returned to the makers, and they had held until their deaths, it was not a delivery; but if it had been laid on the table and the plaintiff either then or at any subsequent time took possession of it with the assent of the makers, it was a delivery. That it was necessary that something should be said by the makers, signifying their intention to deliver, or they should do (381) some act with an intent that the paper should be delivered, otherwise the instrument could not, in law, be a deed. There was a verdict and judgment for the plaintiff and the defendant appealed.
The rules of law as to the delivery of deeds were properly laid down by the judge. Moore v. Collins, 4 Dev., 384. But we think that there was no evidence in this cause for the application of those rules. There were neither acts done nor words spoken from which a delivery of the paper as a deed to the plaintiff, or to any person for him, could be inferred. The manner in which the plaintiff got possession of the paper is accounted for by the proof of his residence with his aunts, and his taking possession of all their property and effects on their death. It was not shown that he ever held possession or made any exhibition of the (382) paper until after their death. But the jury were authorized by the instruction to presume such possession, and thence to infer a delivery without any evidence. Their verdict is not contrary to the weight of the evidence, but without any evidence as to the delivery of the paper as a deed. It is unnecessary for us to give any opinion as to the question, whether the paper is testamentary in its character, as there must be a new trial, because there was no evidence of delivery, even if the paper could be considered as having been draughted for a deed. There must be a new trial.
PER CURIAM.
Cited: William v. Singleton, 108 N.C. 195.